# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Water Quality Services, Inc. v. Wayne E. Dick, et al.

**Case Number:** 04-01020

### Document Information

**Description:** Findings of Fact and Conclusions of Law From Trial on the Merits; Re: [1-1] Complaint Objecting to Discharge of Debtors Pursuant to 11 U.S.C. Section 727 (c)(1); NOS 424 Objection To Discharge (727). Conclusion: Court will enter a judgment for Defendants, dismissing this adversary proceeding with pr

**Received on:** 2005-01-12 09:12:45.000

**Date Filed:** 2005-01-12 00:00:00.000

**Date Entered On Docket:** 2005-01-12 00:00:00.000

### Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

In re:
WAYNE DICK and
ROSE DICK,
    Debtors.                                                            No. 7-03-18484 S

WATER QUALITY SERVICES, INC.,
    Plaintiff,
v.                                                            Adv. No. 04-1020 S

WAYNE E. DICK, et al.,
    Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW FROM TRIAL ON THE MERITS

This matter came before the Court for trial on the merits of Plaintiff's Complaint Objecting to discharge under 11 U.S.C. §§ 727(a)(2) and (a)(3). Plaintiff appeared through its attorneys John Nelson and Barbara Patterson. Defendants appeared through their attorney Jimmy Craig. This is a core proceeding. 28 U.S.C. § 157(b)(2)(J).

**The Statute**

Section 727(a) provides that the Court shall grant a debtor a discharge, unless–

> ...
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
> > (A) property of the debtor, within one year before the date of the filing of the petition; or

```
          (B) property of the estate, after the date
          of the filing of the petition;
     [or]
     (3) the debtor has concealed, destroyed, mutilated,
     falsified, or failed to keep or preserve any
     recorded information, including books, documents,
     records, and papers, from which the debtor's
     financial condition or business transactions might
     be ascertained, unless such act or failure to act
     was justified under all of the circumstances of the
     case.
```

11 U.S.C. § 727(a).

**Facts**

1.  Debtor/Defendant Wayne Dick was employed by Plaintiff, a company involved in the water-treatment business, until approximately August or September, 2002, when he received a two week notice of termination.

2.  On October 11, 2002, Mr. Dick signed a promissory note for the purchase of "Aqua Dynamics", another water treatment company. The purchase contract provided for a $15,000 down payment and $1,504 per month for 42 months, including interest at 8.5% per year. Exhibit 1.

3.  On or about October 8, 2002, Debtors opened a bank account for the business, calling it "Aqua Pro" and the first transaction recorded on the bank statement was on October 10, 2002. Exhibit 6.

4.  Aqua Pro sales receipts showing work done by Aqua Pro appear in Exhibit 5. They start October 15, 2002, and

the last one is dated February 2, 2003. Mr. Dick testified that each sale generated one of these sales receipts. He also testified that the last one he generated was in February, 2003.

5. In December, 2002, Plaintiff sued Mr. Dick in state court to enforce a noncompete covenant.

6. At this approximate time, Mr. Dick started keeping two sets of records, one for cash receipts and one for check receipts. After this time, Mr. Dick also gave cash to his son, who would write checks on his account for Aqua Pro expenses. Plaintiff produced no evidence that this set of records was incomplete or inaccurate.

7. In the state court lawsuit, Plaintiff's attorneys sought and obtained some of Aqua Pro's sales receipts. Testimony of both parties makes it clear that Plaintiff contacted at least one of Aqua Pro's customers.

8. Mr. Dick operated Aqua Pro until the state court judge told him he could not, which the Debtor believed was sometime in July, 2003.

9. In August, 2003, Mr. Dick destroyed some of Aqua Pro's sales receipts. He testified that because Plaintiff approached Aqua Pro's customers after previously obtaining sales receipts, he wanted to protect the

customers from further contact by plaintiff.  There is no
evidence that the information destroyed was material or
necessary to an understanding of the overall financial
condition of the business or its transactions.

10. Mr. Dick did not destroy any other business records.

11. Although Mr. Dick had a rather crude accounting system
for the business, by combining his books for cash
transactions and check transactions he was able to
account for his business receipts and disbursements, and
in fact filed income tax returns for both 2002 and 2003.
Plaintiff provided no evidence that the returns were
inaccurate, or that Mr. Dick was substantially unable to
account for major transactions.  The Court saw no
evidence that would show the financial records provided
were misleading or falsified.

12. Aqua Pro was not a sophisticated business and did not
need a sophisticated accounting system.  Total revenues
in 2002 were $2,375, and in 2003 were $44,024.  Both
years resulted in net losses.  It did not have many
customers, did not carry an inventory, and apparently the
only debt associated with Aqua Pro was Mr. Dick's
purchase obligation for the business.

13. Mr. Dick was a believable, but financially unsophisticated, witness.

14. Rose Dick was not involved with Aqua Pro. She never participated in the business or its management. She played no role in the destruction of the sales receipts.

15. In September, 2003, Mr. Dick transferred Aqua Pro to his son for no consideration. Mr. Dick testified that he made this transfer because the state court judge told him to get out of the business. Mr. Dick first offered to return the business to the seller, but he did not want it. Mr. Dick testified that the assets transferred were of minimal value, consisting mostly of used water conditioning equipment and accounts with questionable value. Mr. Dick testified that the business did have customers at the time, and his son was going to take care of these customers. The Court finds that Mr. Dick did not transfer Aqua Pro with the intent to hinder, delay, or defraud anyone. The Court also finds that the value transferred was de minimus. There is no evidence that Ms. Dick was involved in the transfer of Aqua Pro.

16. On November 7, 2003, Mr. and Ms. Dick filed a voluntary chapter 7 petition. On their statement of financial affairs they disclosed the transfer of Aqua Pro to their

son as a "gift" and stated "Court ordered that Debtor divest himself of water conditioning business - value unknown."

17. There is no evidence that Mr. Dick retained any continuing interest in Aqua Pro after the transfer. There was evidence that the son paid $200 per month to Mr. Dick, but that payment was for space rental.

**Discussion**

1. To deny a discharge under § 727(a)(2)(A) the objector must show by a preponderance of the evidence that (1) the debtor transferred, removed, concealed, destroyed, or mutilated, (2) property of the estate, (3) within one year prior to the bankruptcy filing, (4) with the intent to hinder, delay, or defraud a creditor. Gullickson v. Brown (In re Brown), 108 F.3d 1290, 1293 (10th Cir. 1997). The Court has found that the transfer of Aqua Pro in this case was not made with the intent to hinder, delay, or defraud a creditor. Rather, Mr. Dick was complying with a state court order to divest himself of the property. The full disclosure of the transfer on Debtors' Statement of Financial Affairs further supports the lack of any intent to hinder, delay, or defraud creditors. See Cadle Co. v. Stewart (In re Stewart), 263 B.R. 608, 613 (10th

Cir. B.A.P. 2001)(Full disclosure demonstrates lack of fraudulent intent.) There is also no evidence of a concealed, continuing interest in the business. Discharge will not be denied under § 727(a)(2)(A).

2. To state a prima facie case under § 727(a)(3), the objector must demonstrate that the debtor failed to maintain and preserve adequate records and that the failure made it impossible to ascertain his financial condition and material business transactions. <u>In re Brown</u>, 108 F.3d at 1295; <u>In re Stewart</u>, 263 B.R. at 615.

> Records need not be so complete that they state in detail all or substantially all of the transactions taking place in the course of the business. It is enough if they sufficiently identify the transactions that intelligent inquiry can be made respecting them.

<u>Id.</u> (<u>citing</u> <u>Hedges v. Bushnell</u>, 106 F.2d 979, 982 (10th Cir. 1939).

3. The Court finds that 1) due to the small nature of Aqua Pro's business only minimal records were required, and 2) Mr. Dick's records, while unconventional, did allow the Court to ascertain the business' overall financial condition and material transactions. The evidence contains bank statements, ledgers of cash receipts, ledgers of check receipts, indications of expenses, and

filed tax returns. Therefore, Mr. Dick's ill-advised[1] destruction of certain records, in the long run, was not such a material factor that the Court should deny discharge.  Discharge will not be denied under § 727(a)(3).

**Conclusion**

The Court will enter a judgment for the Defendants, dismissing this adversary proceeding with prejudice, and ordering the Clerk to enter discharge for the Debtors.

*[signature]*

Honorable James S. Starzynski
United States Bankruptcy Judge

---

[1] The record before this Court does not indicate whether Mr. Dick destroyed the sales receipts after an Order by the state court, or after receipt of a discovery request, or simply on a whim.  Although the Court is entering a discharge in this bankruptcy, and the Dicks' liability to Plaintiff will be discharged, this Opinion should not be construed as any limitation whatsoever on the state court's inherent ability to deal with any issues related to the admitted destruction of potential evidence in the lawsuit that was pending before it.

Case 04-01020-s    Doc 15    Filed 01/12/05    Entered 01/12/05 09:38:00 Page 9 of 10

I hereby certify that on January 12, 2005, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

John Nelson
PO Box 700
Roswell, NM 88201-0700

Marion J Craig, III
PO Box 1436
Roswell, NM 88202-1436

*James E. Burke*

Page -9-

Case 04-01020-s    Doc 15    Filed 01/12/05    Entered 01/12/05 09:38:00 Page 10 of 10